<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>JOE BRUINSMA, an individual,<br><br>*Defendant*. | Civil No.: 21-cv-15959 (KSH) (LDW)<br><br><br><u>OPINION</u> |

**Katharine S. Hayden, U.S.D.J.**

**I.      Introduction**

Plaintiff Days Inns Worldwide, Inc. ("Days Inn") initiated this action against defendant Joe Bruinsma ("Bruinsma") arising from his alleged violations of a franchise agreement. Bruinsma did not answer the complaint or otherwise respond in this matter, and Days Inn has now moved (D.E. 12) for entry of default judgment. For the reasons that follow, the motion is granted.

**II.     Background**

The facts are gleaned from the complaint. (D.E. 1, Compl.) In June 2015, Days Inn executed a franchise agreement with Bruinsma to operate a Days Inn hotel in Whitehall, Michigan. (Compl. ¶ 6 & Ex. A.) The franchise agreement called for Bruinsma to, among other things, operate the hotel for a 15-year term, make certain payments to Days Inn (the "recurring fees"), and pay interest on all past due amounts.[1] (*Id.* ¶¶ 8-12.) It also allowed Days Inn to

---

[1] Days Inn and Bruinsma also executed a "SynXis Subscription Agreement" governing Bruinsma's access to and use of certain computer programs and services, which similarly provided for the payment of recurring fees. (Compl. ¶¶ 7, 9 & Ex. C).

terminate the franchise agreement, with notice to Bruinsma, and collect liquidated damages if he ceased operating the hotel as a Days Inn establishment. (*Id.* ¶¶ 13-15.)

On or about December 21, 2019, Bruinsma unilaterally terminated the franchise agreement when he stopped running the hotel as a Days Inn establishment. (*Id.* ¶ 17.) By letter dated December 31, 2019, Days Inn acknowledged the termination and demanded payment of $56,982.11 in liquidated damages for premature termination of the agreement, as well as payment of outstanding recurring fees through the termination date. (*Id.* ¶ 18 & Ex. D.)

Days Inn filed suit against Bruinsma on August 24, 2021, seeking an accounting (count 1); liquidated damages (count 2) or, alternatively, actual damages (count 3) for breach of contract; and recurring fees for breach of contract (count 4) or, alternatively, unjust enrichment (count 5). (D.E. 1.) Although Bruinsma was served with a copy of the summons and complaint via regular and certified mail on October 5, 2021, he failed to answer or otherwise respond. (D.E. 5.) Accordingly, the Clerk of the Court entered default against him on November 16, 2021. (*See* D.E. 6.)

Days Inn now moves (D.E. 12) for entry of default judgment, relying on a certification of counsel (D.E. 12-2, Couch Cert.) and the affidavit of Kendra Mallet (D.E. 12-3, Mallet Aff.), its Director of Domestic Contracts Administration. It seeks a $271,180.17 judgment for outstanding recurring fees ($192,729.66) and liquidated damages ($78,450.51) owed to it under the franchise agreement. (D.E. 12-1.) To date, Bruinsma has not filed opposition.[2]

---

[2] Days Inn served Bruinsma via regular and certified mail, return receipt requested, with copies of the Clerk's entry of default and their default judgment motion. (*See* Couch Cert. ¶ 9 & Ex. A; *see also* D.E. 12 at 4.)

**III.     Legal Standard**

The Court may enter default judgment against a properly served defendant who does not file a timely responsive pleading.  *See* Fed. R. Civ. P. 55(b)(2).  "[T]he entry of a default judgment is left primarily to the discretion of the district court."  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).  However, that "discretion is not without limits," and it is preferred that "cases be disposed of on the merits whenever practicable."  *Id.* at 1181.  Accordingly, "before entering default judgment, the Court must determine whether the 'unchallenged facts constitute a legitimate cause of action.'"  *Days Inn Worldwide, Inc. v. Jai Shree Jalaram, Inc.*, 2022 WL 310205, at *2 (D.N.J. Feb. 1, 2022) (McNulty, J.) (quoting *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (Rodriguez, J.)).  "Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages."  *Radius Bank v. Revilla & Co.*, 2021 WL 794558, at *4 (D.N.J. Mar. 2, 2021) (Shipp, J.) (quoting *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (Kugler, J.)).  Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations.  *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013) (Rodriguez, J.).

Once the Court is satisfied as a threshold matter that the defendant has been properly served and the plaintiff has pled a legitimate cause of action, it must then "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to

3

default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

IV. Discussion

    A. Threshold Requirements

        a. Jurisdiction and Service of Process

As a preliminary matter, the Court is satisfied that it has subject matter jurisdiction over the instant lawsuit pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states (Delaware/New Jersey and Michigan) and the amount in controversy exceeds $75,000. (*See* Compl. ¶¶ 1-3; *see also* D.E. 12-1.) It also has personal jurisdiction over Bruinsma because he consented to "the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey" in the franchise agreement. (Compl. ¶ 4 & Ex. A § 17.6.3.)

Turning to service of process, Days Inn relies on Fed. R. Civ. P. 4(e)(1), which provides that "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed" may be served within the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." (*See* Couch Cert. ¶ 5.) In turn, N.J. Ct. R. 4:4-4(a) sets forth a "primary method" of obtaining *in personam* jurisdiction over an individual, namely:

> by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf

N.J. Ct. R. 4:4-4(a)(1). However, N.J. Ct. R. 4:4-4(b) allows for "substituted" service by mail outside the state under certain circumstances:

>   (1) If it appears by affidavit satisfying the requirements of R. 4:4-5(b)[3] that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule, then, consistent with due process of law, *in personam* jurisdiction may be obtained over any defendant as follows:
>
>   . . .
>
>   (C) mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode[.]

N.J. Ct. R. 4:4-4(b)(1)(C).

Here, Days Inn has submitted an affidavit of service, which attaches as Exhibit A an affidavit of diligent efforts, indicating that Days Inn hired Recon Management Group ("Recon") to locate and effectuate personal service on Bruinsma.[4]  (D.E. 5, Aff. Serv. ¶ 3 & Ex. A ¶ 2.) Recon obtained a then-current address for Bruinsma in Grand Rapids, Michigan and arranged for service to be effectuated by a third-party process server at that address. (*Id.* Ex. A ¶¶ 3-4.)  The server attempted service on seven separate occasions at various times of day—September 7,

---

[3] N.J. Ct. R. 4:4-5(b) provides as follows:

> The inquiry required by this rule shall be made by the plaintiff, plaintiff's attorney actually entrusted with the conduct of the action, or by the agent of the attorney; it shall be made of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter inquired of; the inquiry shall be undertaken in person or by letter enclosing sufficient postage for the return of an answer; and the inquirer shall state that an action has been or is about to be commenced against the person inquired for, and that the object of the inquiry is to give notice of the action in order that the person may appear and defend it. The affidavit of inquiry shall be made by the inquirer fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice.

[4] Although Days Inn has not indicated as such, the Court accepts that Recon provides "investigative services" for its clients.  *See* Recon Management Group, LLC, *Investigative Services*, available at http://www.reconmgmt.com/investigativeservices.html (last visited July 21, 2022).

2021 at 10:12 a.m.; September 9, 2021 at 5:45 p.m.; September 14, 2021 at 2:12 p.m.; September 18, 2021 at 10:15 a.m.; September 25, 2021 at 2:00 p.m.; September 29, 2021 at 12:46 p.m.; and October 1, 2021 at 7:16 p.m.—but was unable to effectuate service on Bruinsma or anyone else at the residence.[5] (*Id.* Ex. A ¶¶ 5-11.) Despite "diligent inquiry and attempts," Recon has been unable to find "further alternative location information" for Bruinsma, and believes the Grand Rapids address "is a good address."[6] (*Id.* Ex. A ¶ 13.) Accordingly, Days Inn served Bruinsma at the Grand Rapids address via regular and certified mail, return receipt requested, on October 5, 2021. (*Id.* ¶ 5 & Ex. B.)

The Court finds that the affidavit of diligent efforts complies with N.J. Ct. R. 4:4-5(b) and sufficiently demonstrates that Days Inn effectuated service on Bruinsma via mail after it exercised "diligent effort and inquiry" to serve him personally. Accordingly, service was proper under Fed. R. Civ. P. 4(e)(1) and N.J. Ct. R. 4:4-4(b)(1)(C).

### b. Legitimate Cause of Action

Turning to the legitimacy of Days Inn's causes of action, the Court is satisfied that the complaint adequately alleges a breach of contract claim against Bruinsma. To state a claim for

---

[5] On one occasion the process server found a woman outside the garage door of the residence, but she denied being "Mrs. Bruinsma" and "quickly proceeded to the garage and shut the door." (*Id.* Ex. A. ¶ 7.)

[6] For example, on several occasions the process server observed a vehicle in the driveway with a plate registered to Bruinsma. On September 14, 2021, the server left her business card on the windshield of the vehicle. When she returned to attempt service on September 18, the business card was gone. (*See id.* Ex. A ¶¶ 6-8.)

The process server also observed other signs of habitation in the residence, including: (i) a Ring camera on the front door and cameras on the outside of the garage door; (ii) a dog barking inside the residence; (iii) individuals inside the residence and/or closing the garage door after seeing the server; and (iv) removal of the server's business card from the front door. (*See id.* Ex. A ¶¶ 5-10.)

breach of contract under New Jersey law, a plaintiff must establish "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013).

Here, accepting the allegations in the complaint as true, Days Inn had a valid contract (the franchise agreement) with Bruinsma which required him to, among other obligations, operate a Days Inn hotel for 15 years, pay liquidated damages in the event of premature termination, and remit various fees throughout the life of the agreement. (Compl. ¶¶ 8-15.) Bruinsma breached the franchise agreement when he prematurely ceased operating the hotel as a Days Inn establishment and failed to pay liquidated damages and outstanding recurring fees through the date of termination. (*Id.* ¶¶ 17-18.) As a result of Bruinsma's breach, Days Inn suffered damages. (*See id.* ¶¶ 28, 32, 36, 40.) Accordingly, Days Inn has stated a viable claim for breach of contract.[7]

B. **Three-Factor Analysis**

Having determined that the complaint asserts a legitimate breach of contract cause of action, the Court must now make explicit findings as to: (i) the existence of a meritorious defense; (ii) the prejudice that Days Inn will suffer if default judgment is not entered; and (iii) Bruinsma's culpability in the default. *See Emcasco*, 834 F.2d at 74.

The Court's analysis of the first factor is made difficult by Bruinsma's failure to answer the complaint or otherwise respond in this action. *See Teamsters Health & Welfare Fund of*

---

[7] Days Inn has not sought relief on its claim for an accounting (count 1) or actual damages (count 3). Furthermore, in light of the Court's breach of contract findings, it need not address Days Inn's alternative request for recurring fees under an unjust enrichment theory (count 5).

*Philadelphia & Vicinity v. Dubin Paper Co.*, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012) (Simandle, J.) (court could not "determine whether [d]efendant had any meritorious defenses" where it failed to respond). However, the Court's independent review of this record does not reveal a meritorious defense to the breach of contract claim, which weighs in favor of entering default judgment. *See United States v. Shemesh*, 2021 WL 3706735 at *2 (D.N.J. Aug. 19, 2021) (McNulty, J.).

Turning to the second factor, Bruinsma's failure to answer has already prevented Days Inn from "prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (Simandle, J.). If the Court does not enter default judgment, Days Inn will have "no other means of seeking damages for the harm allegedly caused by [Bruinsma]," resulting in further prejudice. *Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (Linares, J.).

Finally, no evidence appears in the record that would militate against a finding of Bruinsma's culpability in the default. *See 2109971 Ontario Inc. v. Matrix Hosp. Furniture Inc.*, 2022 WL 154411, at *4 (D.N.J. Jan. 14, 2022) (McNulty, J.) ("Absent any evidence to the contrary, the Defendant's failure to answer evinces [his] culpability in [the] default.") (internal citations and quotations omitted). To the contrary, the affidavit of diligent efforts includes facts that strongly suggest Bruinsma knew about this lawsuit and actively evaded personal service of process at his Michigan residence, where he was ultimately served via mail. Accordingly, there is "nothing before the Court to suggest that anything other than [Bruinsma's] willful negligence caused [his] failure to file an answer." *Prudential Ins. Co. of Am. v. Taylor*, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (Arleo, J.).

### C. Damages

Turning to whether Days Inn is entitled to the amount sought, Days Inn seeks $271,180.17 consisting of $192,729.66 in recurring fees and $78,450.51 in liquidated damages, both of which are comprised of principal and prejudgment interest. (D.E. 12-1.)

Beginning with the recurring fees calculation, attached to the Mallet Affidavit is an itemized statement setting forth the basis for recurring fees, inclusive of interest at the rate of 1.5% per month per section 7.3 of the franchise agreement. (Mallet Aff. ¶ 16 & Ex. E.) Upon review of the itemized statement, the Court is satisfied that Days Inn is entitled to the requested amount of $192,729.66

Section 18.4 of the franchise agreement provides for liquidated damages at the lesser of: (i) $1,000 for each guest room at the facility (totaling $64,000 for the 64 rooms Bruinsma was authorized to operate at the time of termination); or (2) the total amount of recurring fees generated at the facility during the 12 months immediately preceding termination (totaling $56,982.11). Days Inn has requested the lower of those two amounts plus interest at the 1.5% rate for a total of $78,450.51. (*See* Mallet Aff. ¶¶ 21-25.) These damages too are calculated accurately under the agreement and will be granted.

In light of the foregoing, judgment will be entered against Bruinsma in the amount sought.

### V.     Conclusion

Days Inn's motion for default judgment (D.E. 12) is granted. An appropriate order and judgment will issue.

Date: July 21, 2022

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

9